STATE OF MAINE
CUMBERLAND, ss

SHIRLEY GRANT,

      Plaintiff

v.

HENRY L. SHANOSKI,

      Defendant

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-363

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

STATE OF MAINE
Cumberland. ss. Clerk's Office

JUL 08 2016

RECEIVED

Before the court is defendant Henry Shanoski's motion for summary judgment in plaintiff Shirley Grant's legal negligence action. For the following reasons, the motion is granted.

FACTS

On January 29, 2006, plaintiff experienced a fire at her home in Naples. (Supp. S.M.F. ¶ 1.) Plaintiff owned the home, which had been purchased during her first marriage. (Id. ¶ 3.) At the time of the fire, she resided at the home with her second husband, Jonathan Edwards. (Id. ¶ 2.) The home was insured by the Concord Group (Concord). (Id. ¶ 4.) Mr. Edwards had obtained the Concord policy in 1994, after the Edwardses' prior carrier, Allstate, terminated coverage. (Id. ¶¶ 6, 8.)

Plaintiff filed a claim with Concord in February 2006. (Id. ¶ 9.) Plaintiff and Mr. Edwards hired two attorneys to assist them in obtaining payment from Concord. (Id. ¶¶ 12-13.) Between February 2006 and January 2010, Concord issued numerous checks related to the fire loss. (Id. ¶¶ 11, 14-15, 18, 26, 28-32.) Some of these checks were addressed to Mr. Edwards only, some were addressed to third parties involved in the claim, some were addressed to Mr. Edwards and third parties, and one was addressed to plaintiff and Mr. Edwards. (Id.) In total, Concord paid $391,157.39 for the fire loss

1

and an additional $27,805.28 to third parties for the Edwardses' living expenses. (Id. ¶ 35.)

Plaintiff alleges that, because the checks were addressed to Mr. Edwards, she was unaware that any insurance money had been paid. (Id. ¶ 36.) Notwithstanding, the record shows that, on February 9, 2006, plaintiff signed a form authorizing Concord to make payments to a third party for the Edwardses' living expenses. (Id. ¶ 10.) She also received a letter from USDA, which held a mortgage on the property, stating that USDA had sent three checks and disbursed $157,251.74 of the insurance settlement as of October 16, 2006. (Id. ¶¶ 20-21, 44-46.) In addition, plaintiff endorsed three of the checks that were addressed to Mr. Edwards. (Id. ¶¶ 29, 31, 34.)

Mr. Edwards initiated divorce proceedings in 2010. (Id. ¶ 50.) Plaintiff hired defendant to represent her in the divorce. (Id. ¶ 52.) In December 2011, plaintiff requested that defendant also represent her with respect to potential claims against Concord. (Id. ¶ 53.) Defendant sent plaintiff an engagement letter and contingent fee agreement on December 5, 2011. (Id. ¶ 54.) The subject line of the engagement letter was "Claim against Concord Insurance." (Id. ¶ 55.) The engagement letter stated: "The [contingent fee] agreement provides that I will represent you in drafting a notice of claim/demand letter against Concord Insurance for damages resulting from your husband's being named as the insured on your homeowner's policy." (Id. ¶ 56.) The contingent fee agreement stated that the services to be performed were: "Notice of claim/settlement demand against Concord Group Insurance + its agents (prelitigation demand only)." (Id. ¶ 57.) Plaintiff signed the contingent fee agreement on December 10, 2011 and faxed a signed copy to defendant on December 16, 2011. (Id. ¶¶ 59-60.)

On January 23, 2012, defendant wrote to plaintiff to inform her that he had decided not to pursue her claims against Concord. (Id. ¶ 62.) Defendant explained that

2

plaintiff's claims against Concord were not viable because, among other reasons, she had notice that Mr. Edwards was a named insured on the Concord policy and that insurance money was being paid to him. (Id. ¶ 63.)

Plaintiff filed a complaint on August 13, 2015. In the complaint, plaintiff alleges three causes of action: count I, legal negligence; count II, breach of contract; and count III, negligent infliction of severe emotional distress. Defendant moved for summary judgment on March 30, 2016. Plaintiff opposed the motion on May 2, 2016.[1] Defendant filed a reply on May 6, 2016.

DISCUSSION

1. Standard of Review

"A summary judgment is appropriate when the portions of the record referenced in the statements of material fact disclose no genuine issues of material fact and reveal that one party is entitled to judgment as a matter of law." Currie v. Indus. Sec., Inc., 2007 ME 12, ¶ 11, 915 A.2d 400. "A material fact is one having the potential to affect the outcome of the suit." Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d 573. "A genuine issue exists when sufficient evidence supports a factual contest to require a factfinder to choose between competing versions of the truth at trial." Id. "To survive a defendant's

---

[1] With the exception of her response to statement 6, none of plaintiff's denials or qualifications includes a record citation. M.R. Civ. P. 56(h)(2). Although plaintiff's response to statement 6 includes a record citation, the citation is to her affidavit, which asserts only plaintiff's opinion, unsupported by any evidence, that she held a policy with Concord prior to Mr. Edwards's application. See Dyer v. Dep't of Transp., 2008 ME 106, ¶ 15 n.4, 951 A.2d 821 (citation to party's affidavit improper where affidavit provides no basis for party's opinion other than her own accusations). Accordingly, all of defendant's facts are admitted. M.R. Civ. P. 56(h)(4). Further, the court has not considered statements 1-2, 5-10, or 25-26 in plaintiff's statement of additional facts because those statements rely only on citations to plaintiff's complaint. See M.R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleading."). The court also has not considered plaintiff's additional statements 3 and 4, which cite to the same paragraph of plaintiff's affidavit as plaintiff's response to defendant's statement 6, or plaintiff's additional statements 12, 14-15, 17, 19, and 21, which are based on inadmissible hearsay. M.R. Civ. P. 56(e); M.R. Evid. 802.

3

motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action." Lougee Conservancy v. CitiMortgage, Inc., 2012 ME 103, ¶ 12, 48 A.3d 774 (citation omitted).

## 2. Motion for Summary Judgment

### a. Count I, Legal Negligence

In a legal negligence action, the "plaintiff must show: (1) a breach by the defendant of the duty owed to the plaintiff to conform to a certain standard of conduct; and (2) that the breach of that duty proximately caused an injury or loss to the plaintiff." Corey v. Norman, Hanson & DeTroy, 1999 ME 196, ¶ 10, 742 A.2d 933. According to plaintiff's expert, Wendy Starkey, defendant committed legal negligence by: (1) limiting his representation to potential claims against Concord, (2) failing to investigate the trail of checks issued by Concord, (3) failing to investigate whether Concord changed the named insured to Mr. Edwards, and (4) failing to advise plaintiff of the statute of limitations and to seek other counsel. (Pl.'s Addt'l S.M.F. ¶¶ 34, 39-56.)

#### i. Breach

Plaintiff has not produced prima facie evidence that defendant breached his duty to plaintiff by limiting the scope of his representation. "A lawyer may limit the scope of representation if the limitation is reasonable under the circumstances and the client provides informed consent after consultation." M.R. Prof. Conduct 1.2(c). The contingent fee agreement limited the scope of defendant's representation to drafting a notice of claim/demand letter against Concord for damages resulting from Mr. Edwards being named as the insured on the Concord policy. (Supp. S.M.F. ¶¶ 56-57.) Plaintiff does not allege any facts that would create a dispute as to whether the limitation was reasonable under the circumstances. On this record, it is established that plaintiff did not ask defendant to represent her with respect to any other parties, and he

4

did not agree to do so. (Id. ¶ 53.) Plaintiff signed the contingent fee agreement on December 10, 2011. (Id. ¶ 59.) There is therefore no genuine issue as to whether defendant breached his duty to plaintiff by limiting the scope of his representation.

ii.    Proximate Cause

Plaintiff also has not produced prima facie evidence of proximate cause with regard to defendant's alleged failure to investigate the trail of checks and any change to the named insured, and his alleged failure to advise plaintiff of the statute of limitations and to seek other counsel. In "failure to plead" legal negligence actions, the plaintiff must show that "the attorney's negligence caused the plaintiff to lose an opportunity to achieve a result, favorable to the plaintiff, which (i) the law allows; and (ii) the facts generated by plaintiff's [M.R. Civ. P. 56(h)] statements would support, if the facts were believed by the jury." Niehoff v. Shankman & Assocs. Legal Ctr., 2000 ME 214, ¶¶ 9-10, 763 A.2d 121. Summary judgment is appropriate "when the link between the attorney's act or omission and the alleged damage is overly speculative." Steeves v. Bernstein, Shur, Sawyer & Nelson, P.C., 1998 ME 210, ¶ 13, 718 A.2d 186.

With regard to defendant's alleged failure to investigate the trail of checks, plaintiff has offered no evidence as to what information defendant would have learned if he had done so. Her allegations of misconduct on the part of local insurance agents, "mail delivery procedures," and unidentified financial institutions are speculative and not connected to any alleged misconduct by Concord. (Pl.'s Addt'l S.M.F. ¶ 27.) To the extent that plaintiff is arguing defendant should have discovered that certain checks were issued to Mr. Edwards, she does not explain how that fact would give rise to any liability on the part of Concord because Mr. Edwards was the named insured. (Id. ¶¶ 27, 39-40; Supp. S.M.F. ¶ 72.)

5

Plaintiff has not raised a genuine issue of material fact regarding her third allegation that Concord changed the named insured from plaintiff to Mr. Edwards. There is no documentation to suggest that plaintiff was at any time listed as the named insured. To the contrary, when the Edwardses' policy with Allstate ended, Mr. Edwards completed the application with Concord. (Supp. S.M.F. ¶ 6.) In April 2006, plaintiff signed a notarized statement that listed Mr. Edwards as the named insured. (Id. ¶ 16.) As a result, plaintiff has not raised a genuine issue of material fact as to whether an investigation into her theories would have revealed any information that would give rise to claims against Concord.

Further, plaintiff's claims were barred by the statute of limitations at the time she hired defendant to pursue claims against Concord. Maine law requires fire insurance policies to establish a two-year statute of limitations. 24-A M.R.S. § 3002(1) (2015). Consistent with section 3002, plaintiff's policy with Concord provides: "No action can be brought unless the policy provisions have been complied with and the action is started within two years after the date of loss." (Supp. S.M.F. ¶¶ 74-75.) Plaintiff's loss occurred on January 29, 2006. (Id. ¶ 1.) Any claims she wished to bring against Concord were therefore time-barred as of January 29, 2008. Plaintiff did not hire defendant to pursue claims against Concord until December 2011. (Id. ¶¶ 53, 59-60.) As a result, even if plaintiff had produced prima facie evidence to support her theories, her claims fail because the statute of limitations had expired.

Finally, plaintiff has not raised an issue of material fact that the absence of any reference to the statute of limitations in defendant's January 23, 2012 letter caused plaintiff harm because the claim had expired. Similarly, the fact that defendant did not advise plaintiff to seek other counsel did not proximately cause her harm because plaintiff did seek the advice of another attorney and has not raised an issue of material

fact that another attorney could have revived her expired claim. Defendant is entitled to summary judgment on count I.

    b.  <u>Count II, Breach of Contract</u>

To prevail on a breach of contract claim, plaintiff must show: "(1) breach of a material contract term; (2) causation; and (3) damages." <u>Me. Energy Recovery Co. v. United Steel Structures, Inc.</u>, 1999 ME 31, ¶ 7, 724 A.2d 1248. Plaintiff has not produced prima facie evidence of a breach of the parties' agreement. An attorney is prohibited from pursuing frivolous claims. M.R. Prof. Conduct 3.1(a). Defendant explained the bases for his conclusion that plaintiff's claims were not viable in his January 23, 2012 letter. (Supp. S.M.F. ¶ 63.) Plaintiff has neither properly controverted the facts underlying defendant's conclusion, nor raised additional facts that challenge his conclusion. (Opp. S.M.F. ¶¶ 11-33.) As a result, plaintiff has not raised a genuine issue of material fact as to whether plaintiff's claims were viable and whether defendant should have pursued them.

Further, as discussed above, to the extent plaintiff alleges the breach of contract included the failure to pursue Concord based on the change of the named insured and making payments to Mr. Edwards, when the Edwardses' policy with Allstate ended, Mr. Edwards completed the application with Concord. (Supp. S.M.F. ¶ 6; <u>see</u> <u>id.</u> ¶ 69.) In April 2006, plaintiff signed a notarized statement that listed Mr. Edwards as the named insured. (<u>Id.</u> ¶ 16.) Plaintiff was aware of payments to Mr. Edwards and others. (<u>Id.</u> ¶¶ 10, 20-21, 29, 31, 34, 44-46.) Defendant is entitled to summary judgment on count II.

    c.  <u>Count III, Negligent Infliction of Emotional Distress</u>

Maine law recognizes claims for negligent infliction of emotional distress when (1) the plaintiff is a bystander to defendant's tortious conduct, (2) a special relationship

exists between the plaintiff and defendant, or (3) the defendant has committed a separate tort, and the plaintiff cannot recover for emotional distress under the separate tort. Curtis v. Porter, 2001 ME 158, ¶ 19, 784 A.2d 18. Because plaintiff's other claims fail, she must raise facts to support a bystander liability theory or the existence of a special relationship. Although the Law Court has not addressed the issue, the Superior Court has held that an attorney-client relationship qualifies as a special relationship. Angelica v. Drummond, 2003 Me. Super. LEXIS 197, at *28 (Sept. 9, 2003).

Plaintiff's statements of material facts, however, include no facts related to emotional distress, let alone facts sufficient to raise a genuine issue as to serious emotional distress. See Holland v. Sebunya, 2000 ME 160, ¶ 18, 759 A.2d 205 ("Serious emotional distress exists where a reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event.") (citation omitted). Defendant is entitled to summary judgment on count III.

CONCLUSION

Plaintiff's legal negligence claims fail due to the absence of a genuine issue of material fact regarding breach and proximate cause. Her breach of contract claim fails because she has not controverted the facts underlying defendant's conclusion that her claims against Concord were frivolous. She has also not raised a genuine issue of material fact regarding emotional distress to support her negligent infliction of emotional distress claim.

The entry is

Defendant's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's Complaint.

Date: July 7, 2016

Nancy Mills
Justice, Superior Court

8